IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MARK MULLEADY<br>628 Glacier Drive<br>Grand Junction, CO  81507 | : : : : | |
| Plaintiff<br>v. | : : : : | NO.  8:20-cv-309 |
| UNION PACIFIC RAILROAD COMPANY<br>1400 Douglas Street<br>Omaha, NE  68179 | : : : : : | |
| Defendant | : | |

## COMPLAINT

1. This suit is governed by the Federal Employers' Liability Act, 45 U.S.C. Sec. 51 et seq., and the Federal Locomotive Inspection Act, 49 U.S.C. § 20701 et seq. which grants this Court jurisdiction over this action.

2. Plaintiff, Mark Mulleady, is an adult individual residing at the above captioned address.

3. Defendant, Union Pacific Railroad Company, successor in interest to Southern Pacific Transportation and Union Pacific Railroad, (hereinafter the "Defendant Railroad") was at all times relevant hereto, engaged in interstate commerce in and throughout several states of the United States as a common carrier by rail; and for the purposes hereof did operate locomotives, railroad cars and repair facilities and transacted substantial business throughout the various states of the United States.

4. Railroads and their facilities are notorious for having been contaminated from years of transporting toxic substances and from the use of toxic substances and known

carcinogens in the operation of the railroads themselves.

5. From March 26, 1995 to July 7, 2016, Plaintiff was employed by the Union Pacific, or its predecessor in interest, as a brakeman, switchman, conductor and engineer, who was acting in the course and scope of his employment with Defendant and was engaged in the furtherance of interstate commerce within the meaning of said Act.

6. During the course and scope of his career with the Defendant railroad and while working in the Defendant's yards, buildings, locomotives and along its right of ways, including but not limited to Grand Junction, Colorado, the Plaintiff was exposed to various toxic substances and carcinogens including but not limited to diesel fuel/fumes/exhaust/benzene, creosote, herbicides and asbestos dust and fibers.

7. Specifically, while riding in locomotives, Plaintiff was exposed to diesel fuel/exhaust and benzene from locomotive exhaust; asbestos dust from brake shoe and; herbicides from "spray trains". While walking on the rights-of-way inspecting cars, tying on and releasing freight car brakes, cutting and coupling cars and lacing air hoses, Plaintiff was exposed to creosote vapors.

8. Plaintiff's exposure to the above referenced toxic substances and known carcinogens, whether by touch, inhalation or consumption, in whole or in part, caused or contributed to his development of kidney cancer.

9. Plaintiff's exposure was cumulative and occurred at different and variable exposure levels over the course of his career depending on his work location.

10. The Plaintiff's cancer is the result of the negligence of the Defendant railroad in that it utilized known cancer-causing materials in its operation, which the Defendant knew, or in the ordinary exercise of ordinary care should have known, were deleterious, poisonous, toxic and highly harmful to its employees' health.

11. Defendant's negligence consisted of:

    (a) Failing to use ordinary care and caution to provide the Plaintiff with a reasonably safe place in which to work as required by the FELA;

    (b) Failing to take any effective action to reduce, modify or eliminate certain job duties, equipment or practices so as to minimize or eliminate the Plaintiff's exposure to toxic materials and carcinogens;

    (c) Failing to test railroad facilities, equipment, yards, buildings, and right of ways for the presence of toxic materials and carcinogens;

    (d) Failing to engage in follow up monitoring of its facilities, equipment, yards, building, and right of ways for the presence of toxic materials and carcinogens;

    (e) Failing to properly remediate known toxic materials and carcinogens from its facilities, equipment, yards, building, and right of ways

    (f) Failing to periodically test employees such as the Plaintiff for physical effects of exposure to toxic materials and carcinogens and failing to take appropriate action, including advising the Plaintiff as to the test results;

    (g) Failing to warn the Plaintiff of the risk of contracting cancer or other diseases as a result of exposure to known carcinogens;

    (h) Failing to make reasonable efforts to inspect or monitor the levels/amounts of exposure, of the Plaintiff, to carcinogens;

    (i) Failing to provide the Plaintiff with the knowledge as to what would be reasonably safe and sufficient wearing apparel and proper protective equipment to protect him from being poisoned and injured by exposure to carcinogens;

    (j) Failing to provide locomotives with adequate and/or functional ventilation that should have filtered the air for toxins and carcinogens;

   (k)  Failing to utilize low emissions fuel such as bio-diesel for its locomotives; and

   (l)  Failing to provide the Plaintiff with protective equipment designed to protect him from exposure to toxic materials and carcinogens.

12. The Locomotive Inspection Act, 49 USC § 20701 requires that locomotives are in proper condition and safe to operate without unnecessary danger of personal injury.

13. Instantly, the Defendant failed to provide the Plaintiff with locomotives that had proper and adequate ventilation and/or air filtration systems, the failure of which allowed diesel fumes, dust, fibers and toxins to accumulate and, subsequently, be inhaled by the Plaintiff.

14. Generally, the railroad was in violation of 49 CFR § 229.7 which prohibits railroads from using any locomotive that "is not in proper condition or safe to operate without unnecessary peril to life or limb" and 49 CFR § 229.45 which states, in part, that "all systems and components on a locomotive shall be free of conditions that endanger the safety of the crew, locomotive or train".  Furthermore and more specifically, the railroad was in violation of 49 CFR 229.43(a) that states that:  "Products of combustion shall be released entirely outside the cab and other compartments. Exhaust stacks shall be of sufficient height or other means provided to prevent entry of products of combustion into the cab or other compartments under usual operating conditions."

15. Additionally, the railroad failed to: install proper engine exhaust filters; utilize low emissions fuel such as bio diesel and; mandate cleaner burning engines from the locomotive manufacturers.

16. The aforesaid occurrences were caused in whole or in part by the negligence of the Defendant and/or the negligence of the Defendant's agents, servants and/or employees.

17. As a direct result of the negligence of the Defendant, the Plaintiff experienced and

endured pain, suffering, inconvenience, irritation, annoyance; suffered emotional distress; incurred medical expenses associated with diagnosis and treatment.

18. As a result of the negligence of the Defendant, Plaintiff sustained a loss of income, benefits and future income and benefits.

19. Plaintiff suffers from a fear of death as a result of his cancer.

20. Plaintiff seeks all damages recoverable under the FELA.

21. Less than three (3) years before Plaintiff's Complaint was filed he first learned that his cancer was caused or contributed to by the negligence of the Defendant.

**WHEREFORE**, the Plaintiff, Mark Mulleady, demands judgment against the Defendant, Union Pacific Railroad Company, in a sum in excess of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00) and the costs of this action.

BERN CAPPELLI

Dated: August 4, 2020

BY: /s/ Shawn M. Sassaman
SHAWN M. SASSAMAN
Attorneys for Plaintiff
101 West Elm Street
Suite 215
Conshohocken, PA 19428
(610) 941-4444
(610) 941-9880 fax